UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| I'TRICE THOMAS, | ) | CASE NO. 1:16-cv-1634 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, | ) | **AND ORDER** |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 21), as supported by documentation submitted by plaintiff (Doc. No. 19), for an award of attorney fees to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $5,473.00. For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On June 27, 2016, plaintiff filed this action seeking judicial review of defendant's denial of her applications for Disability Insurance Benefits under 42 U.S.C. § 423 and Supplemental Security Income under 42 U.S.C. §§ 1381(a) and 1382(c). After plaintiff filed her brief on the merits, the parties jointly filed a proposed stipulation of remand. (*See* Doc. No. 16.) The Court accepted the proposal and entered the remand order on December 27, 2016, with directions that "the Appeals Council shall instruct the Administrative Law Judge to reevaluate the medical opinion of Dr. Shah, further evaluate the claimant's medical impairments, including fibromyalgia, and develop the administrative record as necessary to determine whether plaintiff

is disabled within the meaning of the Social Security Act." (Order of Remand, Doc. No. 18.) Plaintiff then filed her motion for fees under the EAJA. (Doc. No. 19.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 31.75 hours of legal services performed between September 18, 2016 and October 11, 2016, including the typical legal services of reviewing the ALJ decision and cross-referencing it with the administrative record, research relating to plaintiff's particular medical conditions, research on case law related to the

issues, and briefing. The Court finds both the amount and the nature of these legal services to be reasonable.

In an affidavit supplied with the EAJA motion, plaintiff's counsel attests that she currently bills at a rate of $350 per hour. Despite that, the EAJA motion sought payment at a lower rate of $181.52. Although the joint stipulation currently before the Court does not identify an hourly rate, if the hours themselves are not reduced, the amount sought by stipulation would result in payment at an hourly rate of $172.37. That rate would be an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The Court finds that the $5,473.00 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the

award granted herein, and to pay the balance to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and her counsel. (*See* Doc. No. 19-4.)

### III. CONCLUSION

For the reasons set forth herein, the parties' stipulation for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $5,473.00 is granted, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: January 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**